UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE J BURKE,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSEPH S FRICKEY and JANE DOE FRICKEY, residents of the State of Oregon; and BURLINGTON NORTHERN SANTA FE RAILROAD COMPANY, a Delaware corporation,<br><br>                Defendants. | CASE NO. 2:20-CV-01824-MAT<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment (Dkt. 27) (the Motion). Defendants move for summary judgment based on Plaintiff's failure to disclose retention of a qualified medical expert for trial. Plaintiff opposes (Dkt. 31). For the reasons stated below, the Motion is DENIED.

## **BACKGROUND**

On December 6, 2017, there was a truck-to-truck collision at the intersection of Skamania Landing Road and State Route 14 in Skamania, Washington. Dkt. 27, at 2; Dkt. 31, at 2; Compl. ¶ 1.1. Plaintiff was operating a dump truck and Defendant Joseph Frickey (Frickey) was operating

ORDER
PAGE - 1

a railroad maintenance truck for Defendant BNSF Railway Company (BNSF).[1] Dkt. 27, at 2; Dkt. 31, at 2. Plaintiff initiated this matter in King County Superior Court alleging negligence against Defendants and seeking damages related to the collision and injuries sustained by Plaintiff. Compl. ¶ 5.1, 7.1; Dkt. 1-1. Defendants removed this matter to federal court based on diversity jurisdiction. 28 U.S.C. § 1332(a); Dkt. 1.

Plaintiff alleges that he sustained the following personal injuries and damages as a result of the collision:

> loss of consciousness at impact of the vehicles, head injury, post traumatic stress, on-going severe and frequent headaches, severe pain in his cervical spine and radiculopathy bilateral tinnitus, emotional mood fluctuations and anger, and sleep disturbances, some of which are continuing and seemingly permanent in nature, property damage, medical and other health care-related expenses (past, present, future), prescription and medicinal costs and expenses, emergency room treatment costs and expenses, treatment and therapy expenses, past wage loss and pain and suffering, physical, emotional and mental, property damage to his vehicle, periods of partial disability, impairment of his capacity and ability to enjoy life and its pleasures, "garden variety" emotional damages, as well as other injuries and damages, all of which will be proven at the time of trial therein.

Compl. ¶ 7.1.

Defendants filed the instant motion for summary judgment arguing that Plaintiff's failure to identify expert witnesses or rebuttal expert witnesses prior to the court-ordered deadline makes Plaintiff unable to prove causation at trial. Dkt. 27, at 5–7. Plaintiff asserts that he intends to retain his medical providers as expert witnesses and that his failure to comply with Rule 26(a)(2) was harmless because Plaintiff disclosed his medical providers in Plaintiff's initial disclosures, details regarding Plaintiff's medical treatment were described in Plaintiff's interrogatory responses, and

---

[1] BNSF notes that it was incorrectly named in the action as Burlington Northern Santa Fe Railroad Company. Dkt. 1, at 1; Dkt. 27, at 1 n.1.

ORDER
PAGE - 2

Defendants have already subpoenaed and obtained medical records of all of Plaintiff's medical providers. Dkt. 31, at 3. Accordingly, Plaintiff argues that summary judgment should be denied. *Id.* at 6.

## **DISCUSSION**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, "[t]he court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994)). The court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Defendants move for summary judgment in this matter arguing that Plaintiff lacks admissible expert testimony to support his case due to Plaintiff's failure to disclose expert witnesses according to Fed. R. Civ. P. 26(a)(2). Dkt. 27, at 5–6. "Expert medical testimony is necessary to establish causation where the nature of the injury involves 'obscure medical factors which are beyond an ordinary lay person's knowledge, necessitating speculation in making a finding.'" *Fabrique v. Choice Hotels Intern., Inc.*, 183 P.3d 1118, 1123 (Wash. App. 2008) (citation omitted). However, "when the results of an alleged act of negligence are within the experience and observation of an ordinary lay person, the trier of fact can draw a conclusion as to

the causal link without resort to medical testimony." *Riggins v. Bechtel Power Corp.*, 722 P.2d 819, 824 (Wash. App. 1986). Defendants argue that the cause of Plaintiff's alleged injuries, including a head injury, post-traumatic stress, severe headaches, cervical spinal pain, radiculopathy, tinnitus, mood changes, and sleep disturbances, are not readily apparent to a lay juror and require medical testimony. Dkt. 27, at 5. Assuming without deciding that expert medical testimony is required to establish a causal link between Defendants' negligent act and Plaintiff's alleged injuries, the Court is not persuaded that Plaintiff has failed to produce such evidence in this matter. Plaintiff asserts that he intends to rely on Plaintiff's treating providers as expert support for Plaintiff's medical claims, which providers were specifically identified in Plaintiff's response to Defendants' interrogatories and Plaintiff's amended initial disclosures. Dkt. 31, at 5; Dkt. 29; Dkt. 34-3. A treating physician is not required to provide an expert report under Rule 26(a)(2)(B) and may provide expert testimony as to causation only if that opinion is formed during the course of treatment. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.33 817, 826 (9th Cir. 2011); *Penny v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 5743037, at *1 (W.D. Wash. Sept. 25, 2020). Neither party asserts that Plaintiff intends to call his treating medical providers to provide expert testimony beyond the scope of their rendered treatment. Because Plaintiff may retain his treating medical providers to provide expert testimony within the scope of the treatment rendered, and Plaintiff has identified his medical providers and medical records through discovery, Defendants have not met their burden to show that Plaintiff lacks admissible evidence to support his allegations at this stage of litigation entitling Defendants to summary judgment.

Nevertheless, when a plaintiff retains a treating provider to provide expert testimony rendered during the course of treatment, the plaintiff must comply with the disclosure requirements of Rule 26(a)(2)(C). Fed. R. Civ. P. 26(a)(2)(C) (requiring disclosures stating the subject matter

ORDER
PAGE - 4

on which the witness is expected to present evidence and a summary of facts and opinions to which the witness is expected to testify). When a party fails to make the disclosures required under Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The trial court has broad discretion to admit or exclude expert testimony. *Taylor v. Burlington Northern R.R. Co.*, 787 F.2d 1309, 1315 (9th Cir. 1986). There is no dispute that Plaintiff did not comply with the disclosure requirements of Rule 26(a)(2)(C). However, under the circumstances of the case, Plaintiff's failure to provide the information required by Rule 26(a)(2)(C) is or with appropriate remedial action may be rendered harmless. Although Plaintiff did not identify his doctors as potential witnesses under Rule 26(a)(1)(a)(i) in his initial disclosures or as experts under Rule 26(a)(2)(C), Plaintiff nevertheless identified his medical providers in his initial disclosures under Rule 26(a)(1)(a)(ii) and (iii) in February 2021.[2] Dkt. 34-4. Further, Plaintiff identified his medical providers and described their treatment in response to Defendants' interrogatories in December 2021. Dkt. 34-3. Finally, Defendants subpoenaed Plaintiff's healthcare records from all of the medical providers identified in Plaintiff's interrogatories. Dkt. 34, 3 ¶ 10. Accordingly, Defendants were made aware of Plaintiff's medical providers' identities, records, and medical observations and had ample time to request supplemental initial disclosures from Plaintiff, to seek the information required by Rule 26(a)(2)(C), or to depose the medical providers before the discovery cutoff. Therefore, the Court finds Plaintiff's failure to comply with Rule 26(a)(2)(C) before the court-ordered deadline harmless for purposes of summary judgment.

---

[2] Plaintiff identifies his health care providers as potential witnesses in his amended initial disclosures filed after the court-ordered deadline. Dkt. 29.

ORDER
PAGE - 5

Defendants argue that the declaration of Dr. Thomas J. Kelly, DC, DIBCN (Dkt. 33) should be stricken from the record to the extent that it amounts to expert opinion testimony, specifically relating to medical causation. Dkt. 36, at 5–6. For the reasons described above, the procedural rules permit Plaintiff to call his treating providers, including Dr. Kelly, as an expert witness, who may opine as to medical causation. Accordingly, the Court denies Defendants' request to strike the declaration of Dr. Kelly.

Defendants next argue that, even with Dr. Kelly's declaration, Plaintiff has failed to meet his burden on summary judgment as to his alleged traumatic brain injury and post-traumatic stress disorder. Dkt. 36, at 6. Defendants argue that these injuries are not within the scope of Dr. Kelly's expertise as a chiropractor. *Id.* at 7. In order for summary judgment to be appropriate, the defendant must meet an "initial burden by showing that the plaintiff lacks admissible expert testimony to support his or her case." *Fabrique v. Choice Hotels Intern., Inc.*, 183 P.3d 1118, 1123 (Wash. App. 2008). Once that burden has been met, "the burden shifts to the plaintiff to present competent medical expert testimony establishing that the alleged injury was proximately caused by the defendant's actions." *Id.* Here, Defendants have not met their initial burden to show that Plaintiff lacks admissible expert testimony regarding Plaintiff's injuries, including Plaintiff's alleged traumatic brain injury and post-traumatic stress disorder. Therefore, even if Dr. Kelly is not qualified to opine as to Plaintiff's traumatic brain injury and post-traumatic stress disorder, which the Court does not herein decide, Defendants have not shown that Plaintiff lacks other expert medical evidence to support Plaintiff's allegations entitling them to summary judgment.

Defendants argue that "it will be difficult if not impossible for BNSF to adapt its defense at this late date to account for plaintiff's undisclosed expert(s)" and that there is insufficient time to depose and prepare to cross-examine Plaintiff's experts, obtain the required medical summaries

from Plaintiff, and then obtain an updated report from BNSF's own medical expert. Dkt. 36, at 4. Although Plaintiff has failed to comply with Rule 26(a)(2)(C) prior to the court-ordered deadline, Plaintiff filed his amended initial disclosures identifying his medical providers as potential expert witnesses 89 days before the current date set for trial. *See* Fed. R. Civ. P. 26(a)(2)(D)(i) (providing that parties are required to be disclose expert testimony at least 90 days before trial). Further, as discussed above, Defendants were aware of the identities of Plaintiff's medical providers well in advance of the discovery cutoff. Accordingly, the Court finds that Plaintiff's delayed disclosure does not reasonably prejudice Defendants.

Nevertheless, the Court finds that any prejudice to Defendants caused by Plaintiff's procedural error may be cured. Therefore, the Court orders Plaintiff to serve supplemental disclosures for his medical providers that fully comply with the requirements of Rule 26(a)(2)(C) **on or before 30 days of the date of this order**. Pursuant to Rule 26(a)(2)(D)(ii), Defendant must disclose any rebuttal evidence to Plaintiff's Rule 26(a)(2)(C) disclosures **within 30 days after Plaintiff's disclosure**. Further, the Court reopens discovery for the limited purpose of deposing expert witnesses identified in Plaintiff's Rule 26(a)(2)(C) disclosures, which depositions must be completed **no later than 30 days prior to trial**.

Further, the Court finds that it is within the interest of justice to continue the trial. The Court orders the parties to propose a joint amended trial scheduling order consistent with this Order.

## **CONCLUSION**

For the reasons set forth above, IT IS ORDERED:

1. Defendants' Motion for Summary Judgment is DENIED.

2. Defendants' request to strike the Declaration of Thomas J. Kelly (Dkt. 33) is DENIED.

3. Plaintiff must serve supplemental disclosures that fully comply with the requirements of Rule 26(a)(2)(C) **on or before 30 days of the date of this Order**.

4. Defendant must disclose any rebuttal evidence to Plaintiff's Rule 26(a)(2)(C) disclosures **within 30 days of Plaintiff's disclosure**.

5. Discovery is reopened for the limited purpose of deposing expert witnesses identified in Plaintiff's Rule 26(a)(2)(C) disclosures, which depositions must be completed **no later than 30 days prior to trial**.

6. The trial date currently set for June 20, 2022 is stricken.

7. The parties are ordered to submit a joint amended scheduling order consistent with this Order **on or before June 6, 2022**. Should the parties be unable to reach an agreement on an amended scheduling order, the parties are to request a conference with the Court.

DATED this 15th day of April, 2022.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 8